Good morning. Good morning, Your Honors. Katherine Young from the Federal Public Defender's Office for the Appellant Joseph Ramirez, and I will try to reserve a few minutes of my time for rebuttal. Good. Mr. Ramirez contends the District Court erred in determining his criminal history category by erroneously applying two criminal history points to a sentence where he did not serve any term of imprisonment. Before I get to the merits of his claim, I want to for a minute touch on the request for judicial notice. Let me ask you about that. Do I understand correctly that we don't really know what the Sheriff's Labor Program is? Is that right? I submitted, in the opening brief I described it based on the website. It's a weekender program, and there's also documents in the request for judicial notice that show that he reported on the weekends and they show the hours that he worked. So he worked eight hours on a weekend doing various tasks depending upon his abilities. Does that say whether he's free to go at the end of the day? Yes, absolutely. He reports for eight hours, comes at 8 o'clock in the morning, and then leaves at 4 o'clock or whatever time he's finished. So it's a non-custodial program, and the website makes that clear, and it's discussed in the opening brief, and also the documents make that clear, too. So, counsel, just to make sure I'm clear, there was no objection to the PSR before the trial court, right? That's correct. The PSR said it was a jail term and it was not objected to. And so is it fair to say your whole appeal is going to depend on whether we take judicial notice or not? I think that's correct, Your Honor. So if we decline to take judicial notice, then you don't really have much to stand on, right? I think that's correct, Your Honor. Okay. And let me turn to that issue then for a minute. Would you bring it 2255 if we don't take judicial notice and you don't put bail here today? I assume that will be his recourse if necessary. Wouldn't that be a good way to go where it can all be developed, you know, in a regular conventional evidentiary format? Well, let me just – that is one way to go, but I think it's a more efficient way to address it in this forum. And let me discuss – Can I jump in on that? I know you wouldn't, but I – you know, just building on Judge Silverman's point, I mean, I looked at your – it's a big stack, okay? Yes, Your Honor. And I have to say that the state court records are not entirely clear. I mean, why wouldn't it be better to have another proceeding where somebody – the judge can really get into this and make some decisions about what all this means rather than asking us to do it? I understand your point, Your Honor. I think that the records do show – in the minutes and the docket, it shows that he's committed to the custody of the sheriff for the sheriff's labor program. And we know that that's a non-incarcerative alternative. But let me for a minute discuss the request for judicial notice, and the government filed a 28-J letter last week, and they've discussed various authorities. We're arguing those authorities are distinguishable. In this case, it's the government's burden of proof. The government met its burden of proof based upon information that's erroneous. It's also a constitutional issue because Mr. Ramirez has a due process right to be sentenced on the basis of accurate information, and therefore reliance upon inaccurate and untrue information violates his due process rights. None of the government's authorities addressed that type of situation. In three of them, there was no request for judicial notice. In others, it was the defendant's burden of proof, not the government's burden of proof. And in another case, the government relied upon the declaration of an attorney regarding his conversations with the prosecutor, which is not really a judicially noticeable document. But I wanted – Excuse me. Go ahead. I want to let you finish your thought. No, I want to bring to the court's attention that in the course of researching the government's authorities, I came across a case in which this court did reverse a sentence based upon judicially noticed documents, which shows that there was an error in the calculation of the defendant's criminal history category. And I didn't do a 28-J letter because I just got the government's 28-J letter last week, and I didn't discover the case until yesterday. But I will do one if the court requests. What I'd ask you to do is if you'd give this cite to Mr. Brown and to counsel before you leave, I'd appreciate it. Yes, I already emailed – yesterday I emailed Ms. Westfall-Kong about it. Let me ask you a question. Do I understand correctly that after he did his labor program thing with the sheriff's office, he was still on probation for a period of time? Is that right? He was on probation until it turned out that his probation expired. He had not fulfilled the probation requirements, but the probation had expired. So was he ever actually violated on probation? What happened? Violated, I think, yes. And every time – he failed to appear several times, and every time the sheriff would report it to the court, the court would hold a hearing and reinstate the labor program. And then the final time, in 2011, he violated. It was reported to the court. The court reinstated the program, but then realized that the term of probation had terminated back in 2010. So that revocation is off the table. Yes. Okay. But he never actually completed the requirements of the labor program. Okay. But the case that I was referring to is United States v. Mejia, 559 F3rd 1113 in 2009. And Mejia disputed for the first time on appeal the imposition of one criminal history point for resisting arrest. Could you go a little slower, please? I'm so sorry, Your Honor. I'm so sorry. I just get nervous, and I speak quickly. I will try to slow down. I apologize. In that case, in Mejia, he presented the state court records to this court on a request for judicial notice. The court reversed on plain error review because the error affected Mejia's substantial rights since it affected his guideline range. So now let me turn it over. Counsel, I'm just so in 2011, in Reyna Rodriguez, I mean, we were pretty clear in saying that it is not within our province to sentence a defendant or to take into consideration materials that were not presented in the course of the sentencing decision before the trial court. And, in fact, we declined in that case to take judicial notice of, you know, records like this. It was, I think, a plea colloquy in that case. And I'm not sure what the rare exception that is applicable here would be. And I have to say, I mean, I really think the materials are not crystal clear, at least to me. I mean, they're not the kind of thing where everybody can say, oh, we know what this means, so there's no problem taking judicial notice. But, I mean, for example, I can't tell whether the sentence was for weekday work or for weekend work because the court's entry is crossed out and has handwriting over it that's not legible. And isn't it better just to go back and do a 2255? Well, let me address, I think that this, as I said, I think this is the most efficient way to address it. I think in Reyna Rodriguez, which I dealt with in the brief, the court did reverse and remand for the district court to consider those documents, which I think would be the efficient thing for this court to do. Reverse and remand for the district court to consider them. And with respect to when he served, I think it's clear there are time logs of when he served. And the website of the sheriff's program, which is cited in our brief, establishes it as the weekend program. And if you look at his time entries, he served time on the weekend. So I think that the records are clear. There are entries in the court's minutes and in the docket saying that he was committed to the custody of the sheriff for the labor program. And unless there are any further questions, I'd like to take some of my time. I have a question, Ms. Young. Yes, thank you. As I read the record for the prior assault conviction, he was given 120 days of jail time and actually served one day, credit for time served, right? Isn't that sufficient to activate the two points? No, because what happened was he served one day before plea and before sentence, before his bail bond was posted. And the cases cited in the briefs establish that you can't call a sentence before a plea or before sentencing as a sentence of incarceration or imprisonment. So this was pre-plea custody? Just waiting for the bail bond to be posted. After he pled, after he was sentenced, there was no time in custody whatsoever, in imprisonment whatsoever. And it can't be counted even if he gets credit for it? I think if he got credit towards an incarceration sentence, that would be a different issue. In this case, he was given credit towards the labor program. It says 120 days with one day credit for time served. Yes. So it doesn't count that he got credit for it? I think he got credit towards the labor program. So I'm arguing that day is not a day of imprisonment because he was granted credit for the labor program for that one day. No, it says credit for time served pre-sentence of one day actual days, dot, dot, dot, complete sheriff's labor program. Right. Well, so he got credit for one day, and you're saying although he served one day, it's not a term of imprisonment even though he got credit for one day? Yes, I am, because it was before the sentencing and before he pleaded guilty. But he spent time in jail. Yes, but it was before, it was not a sentence of imprisonment because a sentence of imprisonment is imposed for guilt. And in that case, it was just, the Latimer case establishes that if you're in prison just for administrative necessity, which was for posting the bail bond, that's not. Is there an application note to the sentencing guidelines that says that? No, but the Latimer case cited in the briefs talks about administrative necessity. If you're incarcerated just for administrative necessity before the bail bond, that's not a sentence of imprisonment. That's cited in our briefs. That's in your brief? Yes, it is. And what, is there a case that says that? Well, we cite the Latimer case in the briefs, and I forget the circumstances in Latimer, but they said that if you're not sentenced, if it's not incarceration that's imposed for a sentence, for a plea of guilty or something like that, it's not a sentence of imprisonment. It's just administrative necessity, and it would be wrong to say that the defendant was sentenced to imprisonment if it were just for posting a bail bond because, for example, he could have then been exonerated. Thank you. Thank you, Your Honor. Let me ask you, do you agree with your colleague on that issue? No. Oh, good. Let's hear what the government has to say. Pardon me for interrupting your introduction. No problem. Good morning, Your Honors. May it please the Court. Allison Westfall-Kahn for the United States. Turning to the criminal history calculation issue, there's no dispute that we're in plain error review. There's not only no objection below, but the defense counsel affirmatively said that sentencing, that he was in fact sentenced to 120 days. Can I ask you about, so you're saying plain error, which seems a little bit of a concession. Why aren't you arguing that it was waived and that we shouldn't go any farther than that? Well, I think that goes to the judicial notice issue. I was just going to, in my introduction, say that even if the court were to consider the records, there's no clear or obvious error. But I'll get right into the judicial notice issue, because I think it effectively does amount to a waiver argument, in the sense that the defendant hasn't waived the legal claim that two points were perhaps erroneously assessed, but I think he has waived the ability to bring new facts for the first time on appeal. And this goes to some of the cases that were cited in our 28J letter, which essentially sets forth that plain error review is error that is so obvious, so clear-cut, that the district court should have noticed it, even absent an objection. And given this circuit's longstanding rule that the failure to object to factual information in the PSR provides a reasoned basis for the district court to adopt the PSR, there's simply no clear error. And the facts presenting them for the first time on appeal I think is inconsistent with plain error review and those cases. And it appears that the Fifth Circuit and the Eleventh Circuit in the Brown and Saron decisions have, in fact, essentially adopted that rule, that you can't present new facts in support of a forfeited legal claim on appeal. But second, judicial notice is inappropriate because the records are subject to reasonable dispute. The defendant's interpretation is that he was just sentenced to sheriff's labor, and respectfully that would require ignoring all of the references to county jail that exist throughout the records that make clear that custody of the sheriff is essentially akin to county jail. Third, just from an equitable standpoint, there's simply no explanation as to why this information wasn't presented before the district court. The defendant presumably would have had personal knowledge of what his sentence was, and I would just note that the records themselves at SWF 43, there's a printout date in the upper left-hand corner that reflects it was printed on August 9, 2013, which is several months before the sentencing hearing. I want to briefly address the Mejia case that my opponent just cited. If you look at the Mejia opinion, and I recognize it was kind of just cited to your honors, there's no discussion of judicial notice whatsoever in that opinion. And I think the critical difference there is that the government conceded the fact that was necessary to that legal claim. If you look at the government's brief, the government conceded that the defendant was in fact terminated from probation. And the government didn't oppose the judicial notice request, so there was simply no reason for the Court to even dive into the records in light of the government concession that probation had been terminated. So I think that's a critical distinguishing fact between this case and Mejia, both in that we are opposing the judicial notice request. We haven't conceded that he wasn't sentenced to county jail. And just also from kind of an equitable perspective, in Mejia, the Court references that there was an en banc decision relevant to that issue that was issued after the defendant's sentence. So perhaps that provided some explanation for why the issue wasn't presented first in the district court. Do you agree that he can bring a 2255 now if he doesn't prevail here? I haven't thought it through entirely. I think he certainly could potentially bring an ineffective assistance claim based on the failure to present these records initially. Let me ask you this. This is what's sort of dagging at me. I can't fault the district court at all for how this sentence was imposed. I can't fault the government. On the other hand, we don't want somebody sentenced on the basis of information that turns out to be wrong. How do we get there from here? Well, I don't think the information is wrong. So if I could just get to what the records mean, especially if read in conjunction with the California Penal Code that establishes the Sheriff's Labor Program. So the records show that he was sentenced to county jail. He was committed to the custody of the Riverside County Sheriff for 120 days. That's at SWF 21. And then throughout the rest of the records, they construe that sentence as county jail. So at SWF 24, previous time imposed, 120 days county jail. The sentencing memorandum at SWF 37, serve 120 days county jail. SWF 51, previous time imposed, 120 days county jail. And this interpretation is entirely consistent with the California Penal Code statute that establishes the Sheriff's Labor Program. That statute, which is Penal Code section 4024.2 subsection A, authorizes the creation of a Sheriff's Labor Program. So if you look at SWF 37, though, which is a sentencing memorandum, it says 120 days in county jail, but then it's all crossed out. So I really have a hard time understanding what he actually did with respect to jail. So, I mean, you cited those portions which seem to say 120 days in jail, but then when you go to 37, it's all marked out and it's unclear about what exactly happened. I think in the memorandum, the parties are recommending that he serve that county jail term via the Sheriff's Labor Program. Well, it's more than a recommendation. It's an order. It's signed by the judge, and it says at the top, the following conditions are ordered and it's signed by the judge. Yes, but the statute itself makes clear that to even participate in the Sheriff's Labor Program, the person has to be committed to the county correctional facility. And in the Schoenberg decision of this court, which is the only published decision to address whether Sheriff's Labor constitutes imprisonment, concluded that it does constitute imprisonment for the purposes of the sentencing guidelines because of the fact that it's ultimately the Sheriff who is determining the person's eligibility for the program, and it is ultimately the Sheriff who can retake the person into custody. And that is entirely consistent with the California Penal Code Statute 4024.2 subsection C, which requires that a person agree that the Sheriff can immediately retake them into custody if they don't show up, if they don't perform the work, or for any other reason is no longer a fit subject for release. So the same logic that applied in the Schoenberg decision would apply here. So even though it appears that the court was ordering Sheriff's Labor, just under the statute, the Sheriff would have to agree the person was eligible and the Sheriff would still have the authority to retake the person into custody. Do I understand correctly that at some point he violated and was actually sentenced to an unequivocal term of incarceration and that that was undone by the judge because the time had expired? Originally it appeared that that was the case, but in re-reviewing the records, I would actually agree that he was violated and an additional term of 240 days' custody was imposed, but then there is again a reference to a Sheriff's Labor program. So it's not clear that he ever served any post-guilty plea time on that sentence. Does it make a difference? Do you agree with your colleague that if it served any time before the guilty plea, that does not count as incarceration? I do not agree. I think that it has to count, and a contrary rule would lead to absurd results. I'll just briefly distinguish the Latimer decision cited by my opponent. That case, in addition to the fact that it's dealing with a different issue, whether something falls within a 15-year period for purposes of the career offender guidelines, I think generally it stands for the proposition that custody that's just for administrative necessity doesn't count. There has to be an adjudication of guilt and then a sentence ultimately imposed, and here we have that. At the very least, it's not clear or obvious error. We have 120 days' county jail, so we have that sentence. We have an adjudication of guilt. He pleads guilty, and that pretrial custody is credited to the time. A contrary result would mean that someone who served a year and a day in custody pre-guilty plea and then was sentenced to a year and a day imprisonment would not receive three criminal history points, and I think that would go against the kind of purpose and the plain language of the sentencing guidelines. So are you asking us to affirm, though, based just on waiver? Well, I'm first asking that you deny the judicial notice request for all the reasons I've said, and at that point the defendant's legal claim about the criminal history points is certainly not erroneous, let alone plainly erroneous, and so that's what I would ask the court to affirm on. To the extent that the court were to consider the records as judicially noticeable, which we would oppose, the government would still request an affirmance based on the fact that those records themselves support the determination that two criminal history points were appropriate, both because they show that he was sentenced to county jail and served a part of that prison at pre-custody, and independently, because even assuming it was just sheriff's labor, the only published decision of this court to address that issue, the Schoenberg decision, and importantly, the Schoenberg decision wasn't a plain error case. There was information in the PSR suggesting that the defendant had, in fact, served it via sheriff's labor, and this court still held that because the sheriff ultimately determined eligibility and had the authority to retake the person into custody, it counted for imprisonment under the sentencing guidelines. Thank you very much, Ms. Connell. Thank you, Your Honors. Ms. Young, you're actually out of time, but we'll ask Mr. Brown to put a minute on the clock. Give you a minute, Rebella. Thank you, Your Honor. I did just want to point out we addressed the Schoenberg case in the briefs, and it's distinguishable because in that case the court imposed a term of imprisonment with the recommendation that the defendant serve time in the labor program. Here the labor program was part of the plea agreement, and it was part of the court order. And also the record reflects that the defendant was violated several times. The sheriff did not believe in this case that the sheriff had the authority to imprison the defendant because in each case the sheriff simply notified the court that the defendant had violated, and the court reimposed sheriff's labor program. There was never any custody time imposed. I'm sorry, there was never imprisonment time imposed. All the custody time that was imposed was for the sheriff's labor program. Unless there are any questions, I'll stop. I don't think so. Thank you. Thank you, Your Honor. Ms. Young, Ms. Connell, thank you. The case just argued is submitted. Good morning.
judges: Donato, Silverman, Bea